UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANA K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-0173 RSM <br><br> **ORDER AFFIRMING AND DISMISSING CASE** |

Plaintiff seeks review of the denial of her applications for Disability Insurance Benefits. Plaintiff contends the ALJ erred at step two and by rejecting the medical opinion of Dr. Parrish and her symptom testimony. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 55 years old, has at least a high school education, and has worked as a bus driver, maintenance service dispatcher, and employment interviewer. Admin. Record (AR) 27–28. In September 2019, Plaintiff applied for benefits, alleging disability as of January 1, 2006. AR 81–82, 91–92. Plaintiff later amended her alleged onset date to June 1, 2012, and because her date last insured is September 30, 2015, the relevant period for this case is from June 1, 2012, through September 30, 2015. AR 15, 51. Plaintiff's application was denied initially and on

reconsideration.  AR 88, 101.  After the ALJ conducted a hearing on November 29, 2021, the ALJ issued a decision finding Plaintiff not disabled.  AR 12–35, 43–79.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.     Step Two**

Plaintiff contends the ALJ erred by finding her narcolepsy condition "non-severe."  Dkt. 8 at 2–6.

At step two, the ALJ must determine if the claimant has a medically determinable impairment or combination of impairments that are severe, such that they would significantly limit the claimant's ability to perform basic work activities.  *See Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 404.1521.  Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).  The claimant bears the burden of establishing the existence of a severe impairment.  *Bowen v. Yuckert*, 482 U.S. 137, 146, (1987).  Absence of objective medical evidence of a severe impairment may justify an adverse step two determination.  *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005).

In finding Plaintiff's narcolepsy "non-severe," the ALJ explained Plaintiff was able to

ORDER AFFIRMING AND DISMISSING
CASE - 2

manage the condition with medication.  AR 18.  The records the ALJ relied on show that during the relevant period, Plaintiff was on medication and found alert and oriented with normal neurological examination findings.  AR 450–53, 484, 493, 502, 510.  Plaintiff argues she has been diagnosed and treated for narcolepsy since 2006, but as the ALJ noted, the sleep specialty treatment notes documenting the diagnosis and Plaintiff's response to her medication fall well outside the relevant period.  AR 18 (citing AR 1385–1443).  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (opinion on conditions predating relevant period had limited relevance).

Plaintiff also takes issue with the ALJ's finding that she is able to manage her condition with her current medication because her record shows the change in her medication—due to her lack of insurance coverage—reduced the number of hours she is able to remain awake.  Dkt. 8 at 5–6.  In doing so, Plaintiff merely points to a recent treatment note stating she "didn't do as well" on her current medication compared to her previous medication.  *See* AR 1486.  Plaintiff has the burden of establishing the effect of her narcolepsy was so significant that she could not perform basic work activity during the relevant period.  *See Bowen*, 482 U.S. at 146.  A statement about the lack of efficacy of her current medication fails to show this.

Plaintiff also argues the ALJ's finding of non-severity based on her ability to smoke a pack of cigarettes a day is an insufficient reason.  Dkt. 8 at 6.  But even if this was erroneous reasoning, Plaintiff still has not shown it would be harmful.  A claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe impairment when considering the claimant's residual functional capacity (RFC).  *Buck*, 869 F.3d at 1048–49 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).  In this case, even though the

ORDER AFFIRMING AND DISMISSING
CASE - 3

ALJ found Plaintiff's narcolepsy "non-severe" at step two, the ALJ nonetheless considered both medical and non-medical evidence regarding this condition at the RFC stage. *See* AR 22–26. Thus, the Court rejects Plaintiff's argument.

**2.      Medical Opinion Evidence**

Dr. Parrish completed two questionnaires prepared by Plaintiff's counsel, but the Court only addresses the questionnaire dated September 2021 as it is the one Plaintiff raises in her Opening Brief. *See* Dkt. 8 at 6–7. In this particular questionnaire, Dr. Parrish stated Plaintiff suffers from physical impairments and hypersomnia, and that based on her conditions, she can stand for less than one hour, sit upright for one to two hours during an eight-hour workday, and she has not been able to perform even sedentary work since August 2012. AR 1475–78.

The ALJ permissibly rejected this opinion for its lack of supportability. AR 27. When weighing medical opinion evidence, the ALJ is required to consider its supportability, that is the relevant objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. § 404.1520c(c)(1). Here, Dr. Parrish provided little explanations to her answers in the questionnaire. And while Plaintiff's record does include treatment notes from Dr. Parrish concerning her physical and mental impairments, most, if not all, are from 2020 to 2021 and thus fall well outside the relevant period. *See* AR 1227–33, 1237–88, 1461–72. Since Dr. Parrish's opinion concerned Plaintiff's limitations since August 2012, and the majority of her supporting treatment records are from eight to nine years later, the ALJ, therefore, could reasonably find her proposed limitations unpersuasive. *See Carmickle*, 533 F.3d at 1165; *Johnson v. Astrue*, 303 F. App'x 543, 545 (9th Cir. 2008) (unpublished) (affirming ALJ's rejection of medical opinions that were "remote in time").

The ALJ also permissibly rejected Dr. Parrish's opinion as the medical evidence from the

relevant period shows Plaintiff's pain improved from physical therapy and she was found alert and oriented. AR 462–63, 489. When weighing a medical opinion, the ALJ must consider its consistency with other medical evidence. 20 C.F.R. § 404.1520c(c)(2). The ALJ's finding that Dr. Parrish's opinion contrasts with Plaintiff's treatment notes is supported by the record. Therefore, in rejecting Dr. Parrish's opinion for its inconsistency, the ALJ did not err.

### 3.    Plaintiff's Symptom Testimony

Plaintiff alleged her mental impairments include depression, PTSD, and anxiety. AR 266, 409.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ rejected Plaintiff's statements for several reasons, at least one of which is valid and supported by the record. Specifically, the ALJ permissibly rejected Plaintiff's testimony because it was inconsistent with objective medical evidence. AR 19–20. The records the ALJ relied on shows that though diagnosed with anxiety and depression, she was nonetheless in no distress, appeared healthy, well-nourished, and alert, conversant, interacted appropriately, with no focal deficits noted. AR 450–51, 488–90, 502. Plaintiff points to pages of her counseling notes, but they track Plaintiff's symptoms from 2020 through 2021, and are therefore not probative as to her condition during the relevant period. Dkt. 8 at 7–8 (citing AR 1289–1384).

Plaintiff also cites to a treatment note from 2006 (AR 1395), but in addition to falling outside of the relevant timeframe, the note weakens Plaintiffs argument as it included Plaintiff's own report of improvement in her depression due to medication. *See id*.

The ALJ also rejected Plaintiff's testimony for other reasons, but by providing at least one valid reason that is supported by substantial evidence, the Court need not assess whether those reasons are erroneous. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). In sum, Plaintiff has failed to show the ALJ erred in rejecting her symptom testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 17th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE